UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| FREEDOM FROM RELIGION FOUNDATION, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 3:15-CV-463-JD-CAN ) ) |
| CONCORD COMMUNITY SCHOOLS, | ) ) |
| Defendants. | ) |

**ORDER**

On October 7, 2015, Plaintiffs filed their Motion to Proceed by Anonymous Name and Motion for Protective Order [Doc. No. 4]. Through their motion, Plaintiffs seek the Court's permission for the two Doe Plaintiffs to proceed anonymously because one Doe Plaintiff is a minor, because of the history of violence and intimidation against plaintiffs in other Establishment Clause cases similar to this one, and because there is a reasonable expectation that the Doe Plaintiffs here will be the victims of harassment, injury, and other serious harm if their identities are made public.

On November 23, 2015, the parties filed stipulations on several matters including a stipulation that "Defendant does not object to Plaintiffs proceeding anonymously." Doc. No. 36 at 1. Because Plaintiffs have demonstrated good cause consistent with Seventh Circuit precedent on litigating pseudonymously and because Defendant does not object, the Court **GRANTS** Plaintiffs' motion. [Doc. No. 4]. Accordingly, the Court **ENTERS** the following protective order as proposed by Plaintiffs:

- The individual plaintiffs may proceed in this case by the anonymous names of John Doe and Jack Doe. The parties shall use the pseudonyms for the plaintiffs in

all pleadings, papers, hearings, and in open court, and other statements and documents that are matters of public record.

- When counsel enter appearances for defendants, plaintiffs' counsel shall disclose to defendant's counsel the actual names of plaintiffs. Plaintiffs and their counsel shall not be required to disclose the plaintiffs' identities to any other person.

- Defendant's counsel are permitted to disclose the plaintiffs' identities, addresses, or other information from which their identities can be discerned to any Concord Community Schools employee only if (i) such disclosure is necessary to allow counsel to fully and fairly represent the defendant and (ii) each Concord Community Schools employee to whom such disclosure is made, prior to the making of such disclosure, is given a copy of this order, reads it, and understands its content and that he or she is subject to it. Defendant's counsel and all Concord Community Schools employees are otherwise forbidden from taking any action that discloses to any person, including Concord Community School Board members or Concord Community Schools employees, the plaintiffs' identities, addresses, or other information from which their identities can be discerned.

- All court personnel (including court reporters and their staff or agents) who learn the plaintiffs' identities, addresses, or other information from which their identities can be discerned are hereby prohibited from taking any action that discloses to any person the plaintiffs' identities, addresses, or other information from which their identities can be discerned.

- The parties shall file under seal any and all documents in this case that contain plaintiffs' actual names, addresses, or other information from which their identities can be discerned.

- Unless otherwise ordered, Plaintiffs shall not be required to be present in open court hearings of this cause. Unless otherwise ordered, any and all testimony to be presented by the plaintiffs may be presented by deposition testimony.

- It is the intent of this order to preserve the anonymity of the individual plaintiffs to the greatest extent possible while affording the parties adequate information to effectively address the issues in this matter. Failure by any person to comply with the terms of this Order shall subject the violator to a finding of contempt of court, the penalty for which may include incarceration.

**SO ORDERED.**

Dated this 30th of November, 2015.

 S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge